UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIC ERICSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00170-JAW |
| | ) | |
| SCOTT LANDRY, | ) | |
| | ) | |
| Defendant | ) | |

| | | |
|---|---|---|
| ERIC ERICSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00171-JAW |
| | ) | |
| F BURNS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING
PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

Plaintiff Eric Ericson has filed two pleadings in two separate actions with the Court captioned "Certificate of Appealability Memorandum," which filings the Court construed as complaints in a civil action.[1]  Plaintiff has filed applications to proceed in forma pauperis in both cases, which applications the Court has granted.

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he

---

[1] The matters are not consolidated.  Nevertheless, because the pleadings are similar and the addenda to the pleadings identical, I have addressed both matters in this one recommended decision.

is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).[2]

## Discussion

A review of Plaintiff's pleadings pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a) reveals that Plaintiff evidently mistakenly believes that this Court has appellate jurisdiction to review rulings made by Maine state courts on his Maine Rule 80C petition (see case 16-cv-00170) and to review rulings made by the state courts on his protection from harassment complaints (see case 16-cv-00171).

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). This Court lacks jurisdiction to act as an appellate court to review the rulings of state courts. The only federal court with that authority is the United States Supreme Court. *Silva v. Massachusetts,* 351 Fed. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam)); *see also Lance,* 546 U.S. at 460 ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)).

---

[2] When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines" that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff was incarcerated at the time of the filing, and seeks redress from governmental entities or officers. *See* 28 U.S.C. § 1915A(a), (c).

While the dismissal of Plaintiff's attempt to "appeal" from a state court ruling is appropriate, the Court must be "solicitous of the obstacles that pro se litigants face," and "endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008).  I will, therefore, review whether Plaintiff's pleadings are sufficient to state any independent claims separate from his "appeals."

To state a claim, a complaint must include "a short and plain statement … showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016).  Although the statement need not be detailed, it must provide factual information and not mere "labels and conclusions."  *Edlow v. RBW, LLC*, 688 F.3d 26, 31 (1st Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  In its assessment of the sufficiency of the allegations, courts accept as true the factual allegations and evaluate whether the facts and any reasonable inferences that can be drawn from the facts suggest a plausible (i.e., non-speculative) basis to conclude that the defendant is liable to the plaintiff on one or more legal grounds.  *Coll. Hill Prop., LLC v. City of Worcester*, 821 F.3d 193 (1st Cir. 2016); *Sepulveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).  A complaint must also contain "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(3).

Plaintiff has attached to both of his pleadings a document entitled "Legal Materials, Law Library + Computer Addendum."  (ECF Nos. 1-1.)  In his addenda, which appear to be the identical or near identical document in both cases, Plaintiff asserts that he has been denied access to legal and religious materials in violation of the Constitution, that he has been placed on emergency observation status to punish him for being disabled and/or to deprive him of access to legal materials and the courts, or that he has been the victim of retaliation.

Prisoners have a right under the United States Constitution to have meaningful access to the courts. "The right of access is a discrete, constitutional right, derived from various constitutional sources [including] the due process clause, the privileges and immunities clause, and the First Amendment." *Simmons v. Dickhaut*, 804 F.2d 182, 183 (1st Cir. 1986) (per curiam) (citations omitted). To state a claim for denial of access to the courts, a plaintiff cannot merely allege that prison administrators have provided insufficient access to law materials, a law library, or "law computer." As explained by the Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996), the "role of the courts [is] to provide relief to claimants, … who have suffered, or will imminently suffer, actual harm." *Id.* at 349. In other words, it is not the role of this Court to issue orders dictating the minimum amount of law library or computer access prison administrators must provide to prisoners, but to address those claims in which prisoners allege the existence of conditions that have actually denied or will imminently deny "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 351 (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Unless a plaintiff claims that administrators have imposed "[a]n *absolute* denial of access to *all* legal materials," *Sowell v. Vose*, 941 F.2d 32, 35 (1st Cir. 1991) (emphasis in original), to state a claim, a plaintiff must provide a short and plain statement that identifies the harm to his or her right to access the courts. [3]

---

[3] *See also Christopher v. Harbury*, 536 U.S. 403, 417 (2002) (underscoring "the need for care on the part of the plaintiff in identifying, and by the court in determining, the claim for relief underlying the access-to-courts plea). As explained in *Harbury*:

> It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id.* at 415.

The First Amendment's Free Exercise Clause protects the rights of prisoners to engage in the exercise of religious practice. Congress reinforced this right under Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000 et seq. (RLUIPA), which prohibits governments from "impos[ing] a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc-1(a). To state a claim, a plaintiff must provide a short and plain statement that identifies the intended religious exercise and the substantial burden imposed on the intended religious exercise. *Spratt v. R.I. Dep't of Corr.*, 482 F.3d 33, 38 (1st Cir. 2007).

The ADA and Rehabilitation Act "provide, in nearly identical language, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014) (quoting 42 U.S.C. § 12132 and citing 29 U.S.C. § 794(a)). Disability discrimination can take the form of imposing adverse consequences on a prisoner based on the prisoner's disability, or a prison policy that is neutral in its terms but falls more harshly on prisoners with a disability because of the way it operates, or a refusal by the prison administrators to grant the prisoner a reasonable accommodation so that the prisoner can have meaningful access to a prison program or service. *Id.* To state a claim, a plaintiff must provide a short and plain statement that identifies the disability in question and the relationship between the disability and the policy or practice on which the discrimination claim is based. *See*, *e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir.

2006) ("To state a claim for a violation of Title II [of the ADA], a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.").

Finally, in the prison context, to establish a claim of first amendment retaliation, an inmate must allege (1) that the inmate engaged in conduct that is protected by the First Amendment; (2) that a defendant took adverse action against the inmate because of the prisoner's protected conduct; and (3) that the adverse action would deter an inmate of ordinary firmness from exercising his or her First Amendment rights. *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir.2011); *Davis v. Goord,* 320 F.3d 346, 352 (2d Cir.2003); *Thaddeus–X v. Blatter,* 175 F.3d 378, 398 (6th Cir.1999).

While Plaintiff has made general allegations in the addenda, he has failed to assert the necessary facts to state an actionable federal claim for relief against the defendants identified in the caption of either case.  Significantly, one cannot discern who among the many individuals employed at the Maine State Prison might have engaged in conduct that allegedly deprived Plaintiff of his federal rights.[4]  In addition, although Plaintiff seeks judicial relief related to his rights under the First Amendment and federal disability law, his allegations consist of labels and conclusions rather than facts that demonstrate a plausible basis from which a fact finder could determine that Plaintiff's substantive federal rights had been infringed. [5]  For example, while he has alleged generally that he was "punish[ed]" due his disability, he has not alleged any facts that

---

[4] For instance, Plaintiff asserts he has contacted several individuals about his inability to obtain legal materials, but he does not identify the individuals whom he believes are legally responsible for any alleged constitutional violations and the bases of any such belief.

[5] Plaintiff's pleadings, likely due to their "appellate" nature, appear to have been authored with the mistaken assumption that this Court would have knowledge of or access to the underlying claims in the state court litigation.

would support a claim that any discipline imposed was related to his alleged disability.  In short, Plaintiff has not stated an actionable federal claim.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.[6]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2016

---

[6] In the event the Court adopts the recommendation, to the extent Plaintiff believes he can cure the deficiencies in his complaint identified in this Recommended Decision, Plaintiff can seek to amend one of his complaints in accordance with Federal Rule of Civil Procedure 15(a)(1), or refile his claims.